```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA      *    Case No. 21-CR-00080(NGG)
                              *
                              *    Brooklyn, New York
                              *    March 10, 2021
    v.                        *
                              *
DOUGLASS MACKEY,              *
                              *
            Defendant.        *
                              *
* * * * * * * * * * * * * * * *

          TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
              BEFORE THE HONORABLE SANKET J. BULSARA
                  UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Government:           ERIK DAVID PAULSEN, ESQ.
                              Asst. United States Attorney
                              United States Attorney's Office
                              271 Cadman Plaza
                              Brooklyn, NY 11201

                              WILLIAM J. GULLOTTA, ESQ.
                              U.S. Department of Justice
                              1331 F Street, NW
                              Suite 300
                              Washington, DC 20004

For the Defendant:            TOR BERNHARD EKELAND, ESQ.
                              Tor Ekeland, P.C.
                              195 Plymouth Street
                              Fifth Floor
                              Brooklyn, NY 11201


Proceedings recorded by electronic sound recording, transcript produced by transcription service.

Fiore Reporting and Transcription Service, Inc.
4 Research Drive, Suite 402
Shelton, Connecticut 06484 (203)929-9992

```
 1              (Proceedings commenced at 10:00 a.m.)
 2              THE CLERK:  This is criminal cause for arraignment
 3      in case no. 21-CR-80, United States vs. Mackey.
 4              Counsel, please state your appearances for the
 5      record, starting with the government.
 6              MR. PAULSEN: Good morning, Your Honor.
 7              This is Erik Paulsen from the United States
 8      government. I'm joined by Will Gullotta, my partner, who
 9      works for the (indiscernible) in the Department of Justice.
10              MR. GULLOTTA:  Good morning, Your Honor.
11              MR. EKELAND:  Good morning, Your Honor.
12              Tor Ekeland and Karin Molin (ph) for defendant,
13      Douglass Mackey.
14              THE COURT:  Good morning.  And I see Mr. Mackey as
15      well.
16              Good morning, Mr. Mackey.  Can you hear me?
17              THE DEFENDANT:  Good morning, Your Honor. I can
18      hear you.
19              THE COURT:  Okay.  Mr. Mackey, I'm just going to
20      remind you of two rights that you have that you were informed
21      of at your initial appearance.
22              First is your constitutional right to remain
23      silent.  You don't have to make a statement at any time,
24      including to any law enforcement official.
25              If you do make a statement, that statement can be
```

1   used against you, including at this proceeding.

2           Second is your right to counsel, which is your
3   right to an attorney.  Your attorneys are present here on the
4   video conference.

5           If you would like to speak to them at any time, you
6   just need to let me know.

7           So Mr. Mackey, do you understand both of these
8   rights?

9           THE DEFENDANT:  Yes, Your Honor. I understand.

10          THE COURT:  Okay.  Let me ask defense counsel, does
11  your client consent to proceed on this arraignment on the
12  indictment via video conference?

13          MR. EKELAND:  Yes, Your Honor.

14          THE COURT:  Okay.  And does he waive any right that
15  he may have to an in person arraignment?

16          MR. EKELAND:  Yes, Your Honor.

17          THE COURT:  Okay.  And have you received a copy of
18  the indictment dated February 10th, '21 against -- which
19  contained a charge against your client?

20          MR. EKELAND:  Yes, Your Honor.

21          THE COURT:  And have you had sufficient time to
22  discuss the indictment with Mr. Mackey?

23          MR. EKELAND:  Yes, Your Honor.

24          THE COURT:  Okay.  And does he wish to have a
25  public reading of the charge contained in the indictment?

4

1            MR. EKELAND:  Yes, Your Honor.
2            THE COURT:  He wishes to have a public reading?
3            MR. EKELAND:  Yes.
4            THE COURT:  Okay.  And just let me make sure that I
5   have the correct document and the government can just
6   correctly confirm it's the indictment dated February 10th,
7   2021.  And it contains one count conspiracy against
8   (indiscernible).
9            Is that correct?
10            MR. EKELAND:  That is correct, Your Honor.
11            THE COURT:  Okay.  So I will proceed with the
12   public reading of the charges in the indictment against Mr.
13   Mackey.
14            Indictment issued by the United States District
15   Court in the Eastern District of New York, title United
16   States of America against Douglass Mackey, also known as
17   Ricky Vaughn, Defendant, indictment CR-21-080 and it states
18   as follows:
19            "The grand jury charges a conspiracy against rights
20   in or about and between September, 2016 and November, 2016,
21   both dates being approximate and inclusive, within the
22   Eastern District of New York and elsewhere, the defendant,
23   Douglass Mackey, also known as Ricky Vaughn, together with
24   others, conspired to injure, oppress, threaten and intimidate
25   one or more persons in the free exercise and enjoyment of a

1  right and privilege secured by them" -- excuse me -- "secured
2  to them by the Constitution and laws of the United States, to
3  wit, the right to vote, Title 18 United States Code, Section
4  241 and 3551, et seq."
5            A true bill signed by the foreperson, signed by
6  Seth B. DuCharme, Acting United States Attorney, Eastern
7  District of New York and Corey R. Admundson, Chief Public
8  Integrity Section.
9            And then there is a signature indicating for each
10 of the three people I have mentioned, the foreperson, Mr.
11 DuCharme and the Chief of the Public Integrity Section.
12 Okay.
13           Now how does Mr. Mackey plead to the one count in
14 the indictment against him?
15           MR. EKELAND:  Not guilty, Your Honor.
16           THE COURT:  Okay.  The court notes that Mr. Mackey
17 enters a plea of not guilty to the one count in the
18 indictment against him, and that's noted in the record.
19 Okay.
20           Let me just ask the government, anything else on
21 arraignment and the second question is I'm assuming your
22 position is that Mr. Mackey should be released under the same
23 condition that he's currently on.
24           MR. PAULSEN:  Yes, Your Honor.
25           The government is comfortable with the bond

1    conditions being continuing as they were set at the
2    arraignment.
3            THE COURT:  Okay.  I'm assuming that that is fine
4    with the defendant's counsel.
5            MR. EKELAND:  That's correct.
6            THE COURT:  Okay.  Mr. Mackey, you'll remain on
7    release on the bond that was previously entered in your case,
8    which means the same conditions that you were subject to
9    remain and the same consequences to violating those
10   conditions remain and the same consequences to violating
11   those conditions remain.  Okay?
12           THE DEFENDANT:  Yes, Your Honor.
13           THE COURT:   Okay.  Anything else from the
14   government?
15           MR. EKELAND:  Yes, Your Honor.
16           The parties had previously executed an OED.  We
17   provided it to your deputy, based on the complexity of the
18   case.  It contained the signatures of the government, Mr.
19   Ekeland and Mr. Mackey.
20           The government would ask that based on the
21   complexity of the case that the time be excluded between
22   today and March 29th at 12:30, which is the date the of the
23   first status conference before Judge Go.
24           THE COURT:  Okay.  Let me ask defense counsel, have
25   you explained to your client what it means to exclude time

```
 1    under the Speedy Trial Act?
 2              MR. EKELAND:  Yes, Your Honor.
 3              THE COURT:  Okay.  And you can confirm on the
 4    record that he consents to the application to exclude time
 5    from today, March 10th, until March 29th under the Speedy
 6    Trial Act for the reasons stated by the government.
 7              MR. EKELAND:  Yes, Your Honor.
 8              THE COURT:  Okay.  So I will confirm upon review of
 9    the document that it contains all the necessary signatures
10    and I will therefore -- I will execute that document and
11    exclude time from today, March 10th, until March 29th when
12    there's a conference before Judge Garaufis.  Okay.
13              Anything else from the government?
14              MR. PAULSEN:  Nothing more from the government.
15    Thank you, Your Honor.
16              THE COURT:  Okay.  Anything else from defense
17    counsel?
18              MR. EKELAND:  Nothing more from the defense, Your
19    Honor.
20              THE COURT:  Okay.  I wish you all good health and
21    have a nice day.  Okay.  Thank you.
22              MR. PAULSEN:  Thank you, Your Honor.
23              MR. EKELAND:  You all as well.
24         (Proceedings concluded at 10:09 a.m.)
25
```

8

I, CHRISTINE FIORE, court-approved transcriber and certified electronic reporter and transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*Christine Fiore*

_____          March 18, 2021

Christine Fiore, CERT

Transcriber