RTP:NR/EDP
F. #2018R02250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    – against –

DOUGLASS MACKEY,

        Defendant.

- - - - - - - - - - - - - - - - - - X

**STIPULATION AND ORDER**

Criminal Docket No. 21-80 (NGG)

        WHEREAS, the discovery materials provided by the government in the above-captioned case, under Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and/or <u>Giglio v. United States</u>, 405 U.S. 150 (1972), may contain and/or reflect personal identifying information ("PII"); and

        WHEREAS, under Rule 16(d)(1), the parties desire to protect the PII in the materials mentioned above;

        WHEREAS this matter is before the Court on the government's Unopposed Motion for a Protective Order. Having reviewed the motion, and finding good cause shown, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court that:

        1.    PII is defined as any information requiring redaction under Federal Rule of Criminal Procedure 49.1, including social security numbers or tax id numbers, dates of birth, names of minors, financial account numbers, and home addresses. Upon a showing of good cause by a Party, the Court may expand the definition of PII to include other information should the Parties be unable to reach agreement upon whether the information in question should

3. No persons shall be provided, shown, or read the contents of any PII produced pursuant to the terms of this Order, or any copy thereof, unless and until they have been provided with a copy of this Order and certify that they will comply with its terms. Counsel shall maintain a record of all such persons and certifications.

4. Counsel shall not attach any unredacted PII produced pursuant to the terms of this Order to any public filings with the Court or publicly disclose such materials without prior notice to the other party. If the defense and the government cannot agree on the way the materials or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

5. Other than the notice requirements in Paragraph 5, the provisions of this Order shall not be construed as preventing the disclosure of any PII in any motion, hearing, trial, sentencing, or appeal proceeding held in this action or to any judge or magistrate of this Court for purposes of this action.

6. Nothing in this Stipulation and Order shall preclude the parties from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery materials;

7. If the defendant obtains substitute counsel, Counsel will not transfer any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the PII unless and until substitute counsel enters into this Stipulation and Order.

*So ordered.*

Dated: Brooklyn, New York
June 4, 2021

s/Nicholas G. Garaufis
HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK