RTP:EDP/OO/WJG
F. #2018R02250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

                                                                                                     21 CR 80 (NGG)

    - against -

DOUGLASS MACKEY,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                                        COREY R. AMUNDSON
                                        Chief
                                        Criminal Division, Public Integrity Section
                                        1301 New York Ave. NW, Tenth Floor
                                        Washington, District of Columbia 20004

ERIK D. PAULSEN
OLATOKUNBO OLANIYAN
Assistant U.S. Attorneys
(Of Counsel)

WILLIAM J. GULLOTTA
Trial Attorney
(Of Counsel)

## PRELIMINARY STATEMENT

The government respectfully submits this memorandum of law in opposition to the defendant Douglass Mackey's motion for a bill of particulars, filed on March 16, 2022 (the "Motion" or "Def. Mem."). See ECF Docket No. 31. The defendant asserts, among many other things, that a bill of particulars further specifying the nature of the charge against him is necessary to (1) orient the Court to the issues he intends to raise in the motion to dismiss he intends to file, (2) address the appropriateness of charging Title 18, United States Code, Section 241 ("Section 241"), (3) prevent unfair surprise, and (4) avoid double jeopardy in a subsequent prosecution. Def. Mem. at 3. The arguments are meritless. The 24-page complaint, the Indictment, and voluminous discovery produced to date in this case have provided the defendant with clear notice of the nature of the charges against him, with a level of detail and particularity far surpassing that required by law. Notably, although the defendant frames his motion as a request for particulars, he uses the filing as a vehicle to advance a series of attacks on the government's case that, in addition to failing on the merits, have nothing to do with – and in some instances affirmatively undermine – his purported inability to prepare a defense absent further detail. The purpose of a bill of particulars is to provide a defendant with adequate notice of the charges against him; it is not a means of obtaining a preview of the government's evidence or of vetting the viability of proposed defense theories or potential challenges to the constitutionality of a statute or prosecution. Accordingly, and for the reasons set forth below, the defendant's motion for a bill of particulars should be denied in its entirety.

## BACKGROUND

I.  The Indictment

On or about February 10, 2021, a Grand Jury sitting in the Eastern District of New York returned an indictment charging the defendant with one count of Conspiracy Against Rights, in violation of Section 241 (the "Indictment"). Specifically, the Indictment alleges:

> In or about and between September 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DOUGLASS MACKEY, also known as "Ricky Vaughn," together with others, conspired to injure, oppress, threaten and intimidate one or more persons in the free exercise and enjoyment of a right and privilege secured to them by the Constitution and laws of the United States, to wit: the right to vote.

ECF Docket Entry No. 8.

II.  The Complaint

On January 26, 2021, approximately two weeks before the Indictment was returned, the defendant was arrested on a complaint charging him with Conspiracy Against Rights, in violation of Section 241 (the "Complaint"). The 24-page Complaint provides substantial detail regarding the defendant's alleged conduct and how that conduct violated Section 241. Among other things, the Complaint alleges that the defendant:

> [i]n conjunction with others known and unknown, spread disinformation about the manner by which citizens could and should cast votes during the [2016 Presidential] Election—conduct that constituted criminal infringement of the right to vote. Specifically, in or about and between September and November 2016, MACKEY, together with his co-conspirators, formulated, created and disseminated information over social media that claimed, among other things, that supporters of a Presidential candidate from one of the two main political parties ("the Candidate") could and should vote for the Candidate by posting a specific hashtag on Twitter or Facebook, or by texting the Candidate's first name to a specific telephone text code (the "Text Code"). MACKEY and his co-conspirators conspired to design

3

> and distribute these messages with the intent that supporters of the Candidate would believe the fraudulent information contained therein, attempt to cast their votes via social media or text message, and, as a result, fail to cast their votes in the Election in a legally valid manner.

Complaint, ¶ 3. ECF Docket Entry No. 1. The Complaint further alleges that, in or about and between September 2016 and November 2016, the defendant worked in concert with others to spread disinformation about the "time, place and manner of voting" in connection with the 2016 Presidential Election. See Complaint, ¶ 20 ("Starting in or around September 2016, MACKEY and his co-conspirators began discussing, designing and circulating memes related into the time, place and manner of voting."). The Complaint describes in detail two occasions, both occurring during the week prior to the 2016 Presidential Election, on which the defendant used Twitter to distribute memes encouraging citizens to cast their votes by responding to a specific Text Code ("Deceptive Image(s)"):

> On or about November 1, 2016, the day before he sent the tweet suggesting the importance of limiting "black turnout," MACKEY used MACKEY Account 2 to tweet a Deceptive Image. The picture featured an African American woman standing in front of an "African Americans for [the Candidate]" sign. The Deceptive Image included the following text: "Avoid the Line. Vote from Home. Text '[Candidate's first name]' to 59925[.] Vote for [the Candidate] and be a part of history." The fine print at the bottom of the Deceptive Image stated the following: "Must be 18 or older to vote. One vote per person. Must be a legal citizen of the United States. Voting by text not available in Guam, Puerto Rico, Alaska or Hawaii. Paid for by [Candidate] for President 2016." The tweet included the typed hashtags "#Go [Candidate]" and another slogan frequently used by the Candidate (together, the "Candidate Hashtags"). According to Twitter records, this tweet was retweeted approximately 175 times and "favorited" 165 times.
>
> The next day, MACKEY used MACKEY Account 2 to tweet another Deceptive Image. The image depicted a woman sitting at a conference table and using her telephone as if she was entering a text message. This Deceptive Image contained similar written messages to the one described above, using the same distinctive

4

>font employed by the campaign of the Candidate, although this Deceptive Image was written entirely in Spanish. In addition, this Deceptive Image included a copy of the logo of the Candidate's campaign, as well as a link to the Candidate's campaign website. Like the previous Deceptive Image, MACKEY's tweet from MACKEY Account 2 included the Candidate Hashtags. According to Twitter records, this tweet was retweeted approximately 23 times and "favorited" 19 times.

Complaint ¶¶ 32-33. The Complaint describes the Twitter group chats used by the defendant and his co-conspirators, quoting extensively from the messages sent and received. Further, the Complaint and subsequent discovery shows that the Deceptive Images distributed by the defendant were distributed in a manner that would reach a wide audience, including individuals located in the Eastern District of New York, among other places.

### III. The Discovery and Supplemental Information Provided to the Defendant

Since the defendant's arraignment on the Indictment, the government has provided substantial discovery relevant to the charged conduct. This discovery includes, among other things: the two tweets distributed by the defendant referenced above; numerous relevant text conversations and memes shared in private message rooms on Twitter to which the defendant belonged; and affidavits connected to numerous search warrants, each of which outline conduct by the defendant and his co-conspirators to spread disinformation concerning the manner by which votes should be cast in the 2016 Presidential Election.

### IV. The Defendant's Motion for a Bill of Particulars

In his motion for a bill of particulars, the defendant seeks detailed information about the scope and specifics of the government's direct case. The defendant asks the Court to order the government to identify: (1) whether the defendant was affiliated with or employed by any organized group, or conspired with others on internet social media; (2) the manner in which the defendant conspired to injure, oppress, threaten or intimidate individuals of their free

5

exercise of the constitutional right to vote, other than the Deceptive Images; (3) whether the defendant succeeded to injure, oppress, threaten or intimidate individuals of their free exercise of the constitutional right to vote; and (4) the basis for venue in the Eastern District of New York. Def. Mem. at 18.

## ARGUMENT

The defendant argues that absent the above-described particulars, he will be unable to adequately prepare for trial, avoid unfair surprise, or interpose a plea of double jeopardy in a subsequent prosecution. The defendant also launches a series of unrelated attacks on the constitutionality of the statute as applied to his conduct. The defendant's request for further particulars is meritless and should be rejected in its entirety. To the extent the defendant raises arguments properly advanced in support of a motion to dismiss the indictment, the Court should defer reaching such arguments until the parties have had a full opportunity to brief those issues.

I.      Legal Standard

The Federal Rules of Criminal Procedure require only that an indictment set forth a "plain, concise, and definite written statement of the essential facts constituting the offense." Fed. R. Crim. P. 7(c); United States v. Benjamin, No. 11-CR-24, 2011 WL 4929534, at *1 (D. Vt. Oct. 17, 2011), citing United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975) ("[A]n indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."). Additional details in the form of a bill of particulars are appropriate only when the indictment is too vague to inform the defendant of the nature of the charges to allow the preparation of a defense, avoid unfair surprise, and preclude double jeopardy. See United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United

States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); United States v. GAF Corp., 928 F.2d 1253, 1260 (2d Cir. 1991); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (bill of particulars required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused") (internal quotation marks omitted), abrogated on other grounds by United States v. Marcus, 628 F.3d 36, 41 (2d Cir. 2010).

If the information sought by the defendant is provided in the indictment or through some other means, including a complaint or discovery, a bill of particulars is not warranted.  See Chen, 378 F.3d at 163; Walsh, 194 F.3d at 47; Torres, 901 F.2d at 234; United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984) (court may consider information provided during discovery when considering the need for a bill of particulars); United States v. Morgan, 690 F. Supp. 2d 274, 284 (S.D.N.Y. 2010) ("If the information the defendant seeks 'is provided in the indictment or some acceptable alternate form,' such as discovery or a criminal Complaint, no bill of particulars is required"); United States v. Canty, 971 F. Supp. 687, 690 (N.D.N.Y. 1997) ("the Indictment, coupled with the discovery information the government has thus far provided to defendants, sufficiently apprises [the defendants] of the crime charged and the general outline of the government's case against them making defendants' request for a bill of particulars unnecessary.").  The defendant bears the burden of showing that denial of the requested particulars will result in "prejudicial surprise at trial or will adversely affect his rights." United States v. Maneti, 781 F. Supp. 169, 186 (W.D.N.Y. 1991).

To obtain a bill of particulars, a defendant must show a need for each of the particulars demanded and explain how the denial of each one will prevent him from identifying the specific crime with which he is charged.  Maneti, 781 F. Supp. at 186.  Ultimately, "[t]he

7

applicable standard for whether a bill of particulars should issue is not whether the information would be helpful to the defense, but whether it is necessary." United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014); see also United States v. Aliperti, 867 F. Supp. 142, 148 (E.D.N.Y. 1994) (citations omitted).

Case law also identifies a number of purposes which are not legitimately served by a bill of particulars.  It is inappropriate to use Federal Rule of Criminal Procedure 7(f) to limit the government's evidence or flesh out its prosecutorial theories in advance of trial.  See United States v. Barret, 824 F. Supp. 2d 419, 439 (E.D.N.Y. 2011) ("[T]he court is mindful that it cannot compel the government to disclose, through a bill of particulars, the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories.") (quotations and citations omitted); United States v. Bellomo, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant, or disclose its legal theory. Those disfavored uses to which a bill of particulars is sought to be put is discussed in the case law that is legion and the citations to which would serve no informative purpose beyond unduly lengthening this already lengthy opinion."); United States v. Albunio, No. 91-CR-0403, 1992 WL 281037, at *2 (E.D.N.Y. Sept. 9, 1992) ("The defendant's right to know the crime with which he is charged must be distinguished from his right to know the evidentiary details by which proof of his culpability will be established."); United States v. Baez, 62 F. Supp. 2d 557, 559 (D. Conn. 1999) (a motion for a bill of particulars must be denied where it would "unduly restrict the Government's ability to present its case[.]"); United States v. Jimenez, 824 F. Supp.

8

351, 363 (S.D.N.Y. 1993) (The government must not be compelled "to give a preview of its evidence and legal theories lest the defendant tailor his testimony to explain away the [g]overnment's case.") (citations omitted); United States v. Ianniello, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985) ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars.").

Courts have also held that a bill of particulars does not entitle a defendant to detailed evidence about a conspiracy. See United States v. Urso, 369 F. Supp. 2d 254, 272 (E.D.N.Y. 2005) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.") (citing United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987)). Requests by a defendant for the "whens," "wheres" and "with whoms" of the acts of conspirators have been rejected by the Second Circuit as impermissible attempts to force the government to particularize its evidence. See Torres, 901 F.2d at 233-34 (district court properly denied defendant's request for the particulars of the identity of the other persons "known and unknown," as alleged in the indictment); see also Jimenez, 824 F. Supp. at 363 (noting that demands for particular information with respect to where, when, and with whom the Government has charged the defendant with conspiring are routinely denied).

Similarly, details such as the date on which the conspiracy was formed, or when each participant entered into the conspiracy, or what each conspirator said or did as a participant in the conspiracy need not be revealed before trial. See United States v. Kazarian, No. 10 CR 895 (PGG), 2012 WL 1810214, at *26 (S.D.N.Y. May 18, 2012) (denying request for particulars about "the dates and locations of acts and conduct [the defendant] is alleged to have performed,

and his alleged role in the charged conspiracies," because "[t]he Government need not disclose the date a defendant is alleged to have joined the conspiracy, the identities of all co-conspirators, the precise dates and locations when and where the defendant assisted the conspiracy, and the means by which defendants furthered the conspiracy.") (citing Barret, 824 F. Supp. 2d at 439-440); United States v. Heil, No. 06 CR 00749 (ADS), 2007 WL 4125124, at *3 (E.D.N.Y. Nov. 16, 2007) (quoting United States v. Mason, No. 06 CR 80, 2007 WL 541653, at *14 (S.D.N.Y. Feb. 16, 2007)); United States v. Leonard, 817 F. Supp. 286, 301 (E.D.N.Y. 1992); United States v. Kahaner, 203 F. Supp. 78, 84 (S.D.N.Y. 1962), aff'd, 317 F.2d 459 (2d Cir. 1963).

II. Discussion

    A. The Defendant Has Failed to Meet His Burden to Demonstrate the Need for a Bill of Particulars.

The Indictment, Complaint, discovery, and related materials, including affidavits submitted in support of applications for search warrants, taken together are more than sufficient to meet the government's obligation to inform the defendant of the nature of the charges against him.

A bill of particulars, at the most fundamental level, is about notice. The central question in assessing a motion for a bill of particulars is whether the defendant has been fairly apprised of the charges against him. A bill of particulars is therefore only appropriate when the charges are sufficiently vague that the defendant cannot prepare a defense, avoid unfair surprise, or preclude double jeopardy. The standard for whether a bill of particulars should issue is "not whether the information would be helpful to the defense, but whether it is necessary." Taylor, 17 F. Supp. 3d at 178. Here, the materials provided make clear that the defendant is charged with violating Section 241 by conspiring with others to interfere with the right to vote by distributing disinformation over social media about the time, place, or manner of voting in the Presidential

10

Election in 2016. The charging documents and discovery reflect that the government has charged the defendant with a violation of Section 241 because, among other things, he intentionally spread disinformation that voters could cast a valid vote for President of the United States by sending a text message to a certain phone number, and that he did so with the specific intent to injure, oppress, threaten, or intimidate certain voters in the exercise of their constitutional right to vote for President in the 2016 Election. The charging documents and discovery identify the particular Tweets at issue, the approximate dates of those Tweets, accounts used by the defendant to commit the alleged offense, the acts of certain co-conspirators and grounds for venue. Given this level of explanation and notice, the defendant has not—and cannot—meet his burden to show that a bill of particulars is necessary or warranted at this juncture.[1] See Maneti, 781 F. Supp. at 186.

  B. <u>A Bill of Particulars is Not a Mechanism for Compelling the Government to Brief Legal Theories or Preview Its Evidence</u>

A motion for a bill of particulars is not a mechanism to challenge the legality of pending charges, such as with a motion to dismiss, or to preview the evidentiary support of those charges, such as with a trial. See Barret, 824 F. Supp. 2d at 439. The defendant's submission conflates and confuses these purposes: although styled as a motion for a bill of particulars, its

---

[1] The purpose of a motion for a bill of particulars is reflected in the structure of the applicable Federal Rule. Absent permission from the Court, Federal Rule of Criminal Procedure 7(f) states that a motion for a bill of particulars must be filed within 14 days of the arraignment. Such a motion would thus necessarily be filed at the onset of a prosecution, well before discovery would have been provided in most cases. While the government does not ask that the Court deny the defendant's motion on timeliness grounds, the 14-day limit clearly suggests that a bill of particulars is intended to clarify the initial charges, not provide the defendant with a preview of the scope and specifics of the government's overall case-in-chief.

focus is on legal and evidentiary questions that are inappropriately requested by way of such an application.

The defendant has emphasized throughout the course of this case that he does not believe that the conduct outlined in the government's submissions, and summarized above, satisfies the prohibitions of Section 241.² The parties requested and received a briefing schedule for the defendant's upcoming motion to dismiss at the same time that it set the briefing schedule for this bill of particulars motion. The expectation of all parties is that the defendant will challenge the use of Section 241 in his motion to dismiss.

By this "motion for a bill of particulars," however, the defendant inappropriately seeks to compel the government to put forward a factual case under the dubious claim of lack of clarity. For example, the defendant asserts that the defendant "is entitled to know formally, <u>in a way that binds the government</u>, that he is *not* alleged actually to have tricked - - or, … - - *prevented* anyone from voting." Def.'s Mem. at 13 (italics emphasis in original).³ This is a plainly improper use of a bill of particulars. Here, the defendant does not seek necessary clarity on the crime alleged; instead, he seeks information concerning the manner by which the government will prove those allegations, such as whether and how the government may choose to show the effects of the defendant's acts, and then asks the Court to bind the government to its answers. This tactic is a prohibited use of a bill of particulars—that is, a bill of particulars cannot be used to force the government to identify the theory of its case and the evidence it plans

---

² The government submits that the manner in which the defendant discusses the case against him suggests that he does, in fact, understand the charge—and thus has been given notice of it—and that he simply does not agree with the charge.

³ The government construes this passage to refer to the defendant's third enumerated particular ("Did Mr. Mackey actually injure, oppress, threaten, or intimidate any registered voter in the free exercise of the right to vote?").

12

to use at trial. See Barret, 824 F. Supp. 2d at 439 ("[a]cquisition of evidentiary detail is not the function of the bill of particulars") (quotations and citations omitted); Bellomo, 263 F. Supp. 2d at 580 ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant, or disclose its legal theory."); Jimenez, 824 F. Supp. at 363 (A bill of particulars is not to be used to "compel the disclosure of the Government's evidence or its legal theory prior to trial."); Baez, 62 F. Supp. 2d at 559 (noting that a motion for a bill of particulars must be denied where it "would unduly restrict the government's ability to present its case[.]"); Ianniello, 621 F. Supp. at 1478 ("To require most of the further disclosure the defendants seek would do little more than restrict the government's proof at trial, which is not the purpose of a bill of particulars."). Moreover, any attempt to bind the government to its evidence is improper given the government's right to continue to investigate and develop its evidence up to and even during trial. See Jimenez, 824 F. Supp. at 363 (the government should not be restricted from "using proof it may develop as the trial approaches"); United States v. Malinksy, 19 F.R.D. 426, 428 (S.D.N.Y. 1956) ("the purpose of a bill of particulars is… not to compel the disclosure of how much the government can prove and how much it cannot nor to foreclose the government from using proof it may develop as the trial approaches").

    The defendant's first and second requests for particulars suffer from similar deficiencies. Def. Mem at 18 ("1. In allegedly violating Section 241, was Mr. Mackey affiliated with or was he employed by any organized group, or, instead, did he allegedly conspire with others on Internet social media? 2. Did Mr. Mackey allegedly conspire to injure, oppress, threaten or intimidate any registered voter in the free exercise of the right to vote other than by

13

allegedly posting the purportedly deceptive images identified in the Complaint to his Twitter account?"). The government's discovery and charging instruments—including the fulsome Complaint and search warrant affidavits—give ample detail about conduct that the government alleges violates the prohibitions of Section 241. To the extent that the defendant seeks additional information about how the government might prove that charge, he has misunderstood the purpose of a bill of particulars, which is grounded in necessary notice rather than providing a roadmap of the government's case. See, e.g., Jimenez, 824 F. Supp. at 363 (noting that a request for a bill of particulars is not intended to provide a window into the government's trial strategy or the evidence the government intends to use in its case in chief); Barret, 824 F. Supp. 2d at 439 ("[T]he court is mindful that it cannot compel the government to disclose, through a bill of particulars, the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or to give a preview of its evidence and legal theories") (quotations and citations omitted).

Finally, the defendant's fourth request requests additional notice as to the issue of venue. As described above, the government has alleged that the Deceptive Images were distributed by the defendant "to injure, oppress, threaten and intimidate one or more persons in the free exercise and enjoyment of a right and privilege secured to them by the Constitution and laws of the United States, to wit: the right to vote." Indictment, ECF Docket No. 8. These Deceptive Images were distributed by the defendant in a manner and with the intent that they reach a wide audience, including individuals located in the Eastern District of New York. See Complaint, ¶ 34, 36. See United States v. Rommy, 506 F.3d 108, 122 (2d Cir. 2007) (noting that the use of technology to communicate messages in furtherance of a conspiracy creates venue where the communication is received by an innocent third party (citing United States v. Johnson,

14

323 U.S. 273 (1944)).  The government bears the burden of establishing venue by the preponderance of the evidence, which is judged as a factual matter by the jury.  United States v. Griffith, 20-CR-15, 2020 WL 4369650, *2 (S.D.N.Y. July 29, 2020).  Where, as here, venue is properly alleged in the indictment and related materials, a bill of particulars is unnecessary.  Id. at *3 ("A bill of particulars will not alter the facial sufficiency of the indictment's allegation of venue, which is enough to survive the defendant's motion.").

## CONCLUSION

For the reasons set forth above, the government respectfully submits that the defendant's motion for a bill of particulars should be denied in its entirety.

Dated: Brooklyn, New York
April 14, 2022

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

COREY R. AMUNDSON
Chief
Criminal Division, Public Integrity Section

_/s/_____
Erik D. Paulsen
Olatokunbo Olaniyan
Assistant U.S. Attorneys
(718) 254-7000

William J. Gullotta
Trial Attorney
(202) 514-0047

Cc:   Clerk of the Court (NGG)
      Andrew J. Frisch, Esq. (By ECF)