UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

UNITED STATES OF AMERICA

    - v -                                  Criminal Case No. 21-0080 (NGG)

DOUGLASS MACKEY,

            Defendant.

-------------------------------------------------- x


## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOUGLASS MACKEY'S MOTION FOR A BILL OF PARTICULARS

Andrew J. Frisch
The Law Offices of Andrew J. Frisch, PLLC
40 Fulton Street, 17th Floor
New York, New York 10038
(212) 285-8000
*afrisch@andrewfrisch.com*

*Attorney for Douglass Mackey*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

UNITED STATES OF AMERICA

    - v -                                        Criminal Case No. 21-0080 (NGG)

DOUGLASS MACKEY,

           Defendant.

-------------------------------------------------- x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DOUGLASS MACKEY'S MOTION FOR A BILL OF PARTICULARS

Conflicting information publicly available to explain the government's unprecedented one-sentence indictment of Mr. Mackey would itself seem sufficient reason for the government to provide particulars. Instead of resolving conflicting information, the government cuts-and-pastes boilerplate from opposition to particulars in boilerplate cases. Either the government has no ready answers to the questions raised by Mr. Mackey's motion, or it seeks to power its way through to conviction and worry about defending it later. Either way, this case will almost certainly result in rulings on constitutional issues of first impression, and neither Mr. Mackey nor the Court should be forced to aim at a moving target.

The government claims that "the materials provided make clear that the defendant is charged with violating Section 241 by conspiring with others to *interfere* with the right to vote." Gov't Memo at 10 (emphasis added). The government's claim misses the mark in at least three ways. *First*, despite the government's professed clarity about its alleged violation of Section 241, nothing in Section 241 refers to *interference*. Section 241 makes it a federal crime

2

to conspire "to injure, oppress, threaten, or intimate" any person in the free exercise of a constitutional right. The word "interfere" appears not in Section 241, but Section 245(b)(1)(A), which Congress enacted specifically to protect the right to vote, unlike Section 241's application to constitutional rights generally. Section 245(b)(1)(A) provides:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or *interferes* with, or attempts to injure, intimidate or interfere with -
>
> (1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from -
>
> (A) voting or qualifying to vote, qualifying or campaigning as a candidate for elective office, or qualifying or acting as a poll watcher, or any legally authorized election official, in any primary, special, or general election.

(emphasis added).

Congress enacted Section 245 "to remove any doubt as to the protection that would be extended against private interference with certain specific rights enumerated in § 245." *See United States v. Pacelli*, 491 F.2d 1108, 1114 (2d Cir. 1974), *cert. denied*, 419 U.S. 826 (1974), *app. after remand*, 521 F.2d 135 (2d Cir. 1975) (prosecution under Section 241 for violating a witness's right to testify by killing her). Section 245's "injure, intimidate or interfere" in the express context of the right to vote helps show that Section 241's "injure, oppress, threaten, or intimidate" does not embrace speech that allegedly disinformed:

> [Proposed Section 245] provides an effective means of deterring and punishing *forcible* interference with the exercise of Federal rights. The clear language of the bill would avoid unnecessary litigation concerning coverage and would provide unmistakable warning to lawless elements not to *interfere* with any of these activities.

*See Pacelli*, 491 F.2d at 1114 (emphasis added) (quoting the Senate Report on the legislation which became Section 245).

3

The government's use of Section 245's language of interference to describe the alleged violation of Section 241 in this case follows (1) the government's explanation that voting-related law prohibits attempted interruption of voting at polling places, intimidation of voters, and fraudulent acts like voter impersonation [Exhibit A to Mr. Mackey's initial memorandum, Docket No. 31-2]; (2) the FBI's statement that Mr. Mackey essentially stole votes [Mackey Memo at 12]; (3) the conclusion of then-Senator Obama, Senator Schumer, other senators, and public interest groups that disinformation about voting is not a federal crime [*see* Mackey Memo at 6-9]; and (4) the absence of any mention of any prosecution based on disinformation in the Public Integrity Section's comprehensive compendium about voting-related law.  *See* Mackey Memo at 5.  The constitutional issues in this case are far too important for the government to punt on particulars and tell Mr. Mackey to reconcile conflicting information for himself.  Given the government's allegation in opposing particulars that Mr. Mackey conspired to *interfere* with the right to vote, the government should identify which of Section 241's conspiratorial objects ("injure, oppress, threaten, or intimidate") applies.

*Second*, due process requires notice, not multiple choice.  Particulars must be granted where the charges are "so general that they do not advise the defendant of the specific acts of which he is accused."  Particulars are appropriate "to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  *See United States v. Raniere*, 384 F. Supp. 3d 282, 321-22 (E.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004), and *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).  The government's memorandum in opposition [*see, e.g.*,

Gov't Memo at 10-11] informally suggests a basis for its indictment in lieu of the formal bill of particulars required by Rule 7(f) of the Federal Rules of Criminal Procedure. Mr. Mackey would risk the government faulting him if he did not seek a bill of particulars if this case proceeds to trial, conviction, and appeal.

*Third*, the government claims that Mr. Mackey's memorandum of law in support of his motion for particulars serves to undermine his claimed inability to prepare a defense [Gov't Memo at 2], but a defendant's diligence in gathering and attempting to reconcile conflicting information about an indictment provides no fair basis to oppose particulars. Most indicted defendants can readily prepare a defense by synthesizing existing templates for similar prosecutions, the government's accusatory instruments, and discovery. Not so here. The information available to Mr. Mackey, unprecedented in a criminal case, includes apparent conclusions of this District's United States Attorney, the Public Integrity Section, Senators from within this Circuit, and others that undermine the government's professed clarity. The questions raised by these apparent conclusions are compounded by the government's reference to Section 245's language of interference in opposition to particulars. More is needed than the government's rehash [Gov't Memo at 3-5] of a slice of the information available.

The government analogizes Mr. Mackey's motion for particulars to defense requests for evidentiary detail in conventional cases where particulars were denied. *See, e.g., United States v. Barret*, 824 F. Supp. 2d 419 (E.D.N.Y. 2011) (trafficking in marijuana and possession of an associated firearm); *United States v. Bellomo*, 263 F. Supp. 2d 561 (E.D.N.Y. 2003) (the Genovese Family of La Cosa Nostra); *United States v. Jiminez*, 824 F. Supp. 351 (S.D.N.Y. 1993) (drug trafficking and associated use of firearms); *United States v. Ianniello*, 621

5

F. Supp. 1455 (S.D.N.Y. 1993) (racketeering); *United States v. Malinsky*, 19 F.R.D. 426 (S.D.N.Y. 1956) (extortion). The defendants in cases cited by the government sought a roadmap of or to limit the government's evidence - the "'when's,' 'wheres' and 'with whoms' of acts and participation in the charged conspiracy" [*Jiminez*, 824 F. Supp. at 363] - which is not the basis for Mr. Mackey's requested particulars.

For example, the government opposes Mr. Mackey's third requested particular - "Did Mr. Mackey actually injure, oppress, threaten, or intimidate any registered voter in the free exercise of the right to vote?" - by arguing that the question does "not seek necessary clarity on the crime alleged; [but] instead . . . seeks information concerning the manner by which the government will prove those allegations, such as whether and how the government may choose to show the effects of the defendant's acts." Gov't Memo at 12. To the contrary, the question calls for an answer of "yes" or "no," requiring no disclosure of any evidentiary information. It appears indisputable, as Mr. Mackey demonstrated in his initial submission, that the Department of Justice has never used Section 241 to prosecute speech that allegedly disinformed in part precisely because of "the challenge of showing that anyone failed to vote because a specific person misled them." Mackey Memo at 9. Thus, an answer to Mr. Mackey's third requested particular is necessary so that he knows whether the government intends to prove that the alleged conspiracy was successful so he can prepare his defense, properly tailor his motion to dismiss, and tee up any appropriate motion *in limine*.

By this motion, Mr. Mackey seeks to know, in substance, whether the basis for the

charged violation of Section 241 is his alleged participation in chatrooms frequented by ideologically like-minded others and his alleged posting of two alleged "Deceptive Images" to Twitter accounts. If so, the government should say so in the form of a bill of particulars as required by Rule 7(f), rather than oppose Mr. Mackey's particulars and informally suggest an explanation of its indictment in a few sentences in a memorandum of law. *See* Gov't Memo at 10-11. The refusal of the government to do so and thereby resolve the conflicting available information about this unprecedented case underscores the need to grant Mr. Mackey's motion and order his requested particulars.[1]

Dated: May 2, 2022

                                                    Respectfully submitted,

                                                    Andrew J. Frisch
                                                    The Law Offices of Andrew J. Frisch, PLLC
                                                    40 Fulton Street, 17th Floor
                                                    New York, New York 10038
                                                    (212) 285-8000
                                                    *afrisch@andrewfrisch.com*

                                                    *Attorney for Douglass Mackey*

---

[1] Mr. Mackey otherwise stands by all arguments in his initial submission; his decision not to address all arguments advanced by the government in opposition should not be interpreted as tacit acquiescence.