UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -against-

DOUGLASS MACKEY,

                  Defendant.

MEMORANDUM & ORDER
21-CR-80 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Douglass Mackey is charged in a single-count indictment for conspiring to injure, oppress, threaten, and intimidate one or more persons in the free exercise and enjoyment their right to vote in violation of 18 U.S.C. § 241. He now moves for a bill of particulars to provide, what he deems, constitutionally adequate notice of the basis for this prosecution of first impression. For the reasons explained below, that motion is GRANTED in part and DENIED in part. The government is DIRECTED to provide Mackey with a bill of particulars describing the facts it intends to offer at trial that establish venue.

I.    BACKGROUND

The government alleges that Mackey and others devised a social media disinformation campaign in the runup to the 2016 presidential election. The scheme, as alleged, aimed to cause supporters of "Candidate" to believe they could cast their ballots by sending a text message or posting on social media and, as a result, fail to cast their vote for Candidate in the Election in a legally valid manner. (*See* Compl. (Dkt. 1) ¶¶ 3, 20, 32-33.) On January 22, 2021, an arrest warrant issued for Mackey pursuant to a 24-page criminal Complaint. (*See generally* Compl.; Arrest Warrant (Dkt. 2).) Three weeks later, a grand jury returned an indictment charging Mackey with a conspiracy to violate rights under 18 U.S.C. § 241. (*See* Indictment (Dkt. 8).)

The entirety of that one-sentence, six-line Indictment provides:

> In or about and between September 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant Douglass Mackey, also known as "Ricky Vaughn," together with others, conspired to injure, oppress, threaten and intimidate one or more persons in the free exercise and enjoyment of a right and privilege secured to them by the Constitution and laws of the United States, to wit: the right to vote.

(*See* Indictment at 1-2.) Based on this Indictment, Mackey requested, and the government declined to provide, answers to the following four questions:

1) In allegedly violating Section 241, was Mr. Mackey affiliated with or was he employed by any organized group, or, instead, did he allegedly conspire with others on Internet social media?
2) Did Mr. Mackey allegedly conspire to injure, oppress, threaten, or intimidate any registered voter in the free exercise of the right to vote other than by allegedly posting the purportedly deceptive images identified in the Complaint to his Twitter account?
3) Did Mr. Mackey actually injure, oppress, threaten, or intimidate any registered voter in the free exercise of the right to vote?
4) What is the basis for venue?

(*See* Cert. of Compliance with L.R. 16.1 (Dkt. 31-4) ¶¶ 2-4.) As a result of the government's unresponsiveness, Mackey asks this court to direct the government to file a bill of particulars. (*See* Not. of Mot. for Bill of Particulars (Dkt. 31); Def.'s Mot. for Bill of Particulars (Dkt. 31-1).) The government opposes. (*See* Gov't Opp'n to Bill of Particulars (Dkt. 32).) The court held oral argument on the issue on May 6, 2022.

## II. DISCUSSION

### A. Legal Standard

The purpose of a bill of particulars is to enable a defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). It is not to compel the government to provide a preview of its case or legal theories. *See United States v. Morgan*, 690 F. Supp. 2d 274, 284-85 (S.D.N.Y. 2010). Thus, a bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). "A bill of particulars is not a tactical tool for restricting the government's evidence prior to trial," *United States v. Aparo*, 221 F. Supp. 2d 359, 368 (E.D.N.Y. 2002), and "should not be granted where the consequence would be to restrict unduly the Government's ability to present its case," *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987)), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

The ultimate test is whether the information sought is necessary, not whether it is helpful. *See United States v. Wilson*, 493 F. Supp. 2d 364, 370 (E.D.N.Y. 2006). In considering that test, "if the information sought by [the] defendant is provided in the indictment or in some acceptable alternate form," such as discovery or a criminal complaint, "no bill of particulars is required." *See Bortnovsky*, 820 F.2d at 574; *see, e.g., United States v. Kogan*, 283 F. Supp. 3d 127, 133 (S.D.N.Y. 2017) (denying bill of particulars because the complaint, discovery materials, and the government's statements at oral argument provided "a clear explanation of the fraudulent schemes with which the Defendants are charged"); *United States v. Leonard*, 817 F. Supp. 286, 301 (E.D.N.Y. 1992) (denying bill of particulars request where information about the crime charged was provided to defense through

the complaint, discovery, and motion practice); *United States v. Elder*, No. 18-CR-92 (WFK), 2021 WL 4129153, at *5-6 (E.D.N.Y. Aug. 25, 2021) (same).

### B. Application

Mackey does not demand the "whens," "wheres," "whats," and "with whoms" of acts and participation in the charged conspiracy. (Oral Arg. Tr. at 4); *see United States v. Guerrero*, 669 F. Supp. 2d 417, 426 (S.D.N.Y. 2009). He makes no such demand because he has no need for them. The information provided to him prevents surprise and gives more than sufficient information to prepare his defense. *See United States v. Rogas*, 547 F. Supp. 3d 357, 367 (S.D.N.Y. 2021) (denying bill of particulars based "in light of the totality of the information available to the defendant"). The Indictment confines the charged conduct to an approximately two-month period from September 2016 to Election Day. The 24-page Complaint explains how the government intends to prove its case and with what evidence it intends to do so. The pretrial discovery expounds on the Complaint through various search warrant affidavits used to develop this case. Moreover, the government's representations in its motion practice and at oral argument confirm what the Complaint and discovery told Mackey as to what this case is, and is not, about. The government has thus provided Mackey clear notice about the charged conduct, its underlying theory of the prosecution, and how it plans to prove its case. In other words, the government has provided far more than required by law.

As a result, Mackey primarily focuses on the prosecution's legal theory. But a bill of particulars is not the proper vehicle for such arguments. They are properly brought in a motion to dismiss. The information provided to him will cause him little difficulty in preparing his expected motion to dismiss in the short term or his defense in the long term. He faces no factual barrier in developing the constitutional arguments referenced in his motion for a

4

bill of particulars, and he need only apply the alleged conduct to the four verbs in 18 U.S.C. § 241 to argue on statutory grounds. In short, neither disagreement on law nor novelty of indictment requires a bill of particulars. Therefore, Mackey's motion as to his first three Local Rule 16.1 requests is DENIED.

But the fourth question he put to the government differs from the other three. "Venue raises both constitutional and statutory concerns." *United States v. Royer*, 549 F.3d 886, 893 (2d Cir. 2008). The Indictment states that the charged conspiracy occurred "*within* the Eastern District of New York and elsewhere." (Indictment at 1 (emphasis added).) But this use of "within" conflicts slightly with the government's proffered theory for venue in its opposition motion and at oral argument. (*See* Gov't Opp'n at 14; Oral Arg. Tr. at 8-9.) Therefore, a bill of particulars stating, and clarifying, the facts that the government intends to establish venue at trial is warranted even at this early stage. *See United States v. Wilson*, No. 01-CR-53 (DLC), 2001 WL 798018, at *5-6 (S.D.N.Y. July 13, 2001) (granting bill of particulars on venue); *see also United States v. Trie*, 21 F. Supp. 2d 7, 17 (D.D.C. 1998). Mackey's motion for a bill of particulars as to venue is therefore GRANTED, and the government is DIRECTED to provide Mackey with a bill of particulars describing those facts within two weeks of this Order.[1]

---

[1] The court is mindful that a bill of particulars should not "foreclose the government from using proof it may develop as the trial approaches." *United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993). Accordingly, the government is granted leave to amend its theory of venue should that theory change during discovery, motion practice, or while preparing for trial. *See* 1 Wright & Miller, Fed. Prac. & Proc. Crim. § 130 (4th ed.).

5

### III. CONCLUSION

For the reasons stated above, Defendant Douglass Mackey's (Dkt. 31) motion for a bill of particulars is GRANTED in part and DENIED in part.

SO ORDERED.

Dated:   Brooklyn, New York
         May 13, 2022

                                             /s/ Nicholas G. Garaufis
                                            NICHOLAS G. GARAUFIS
                                            United States District Judge