RCH:EDP/FTB/WJG
F. # 2018R02250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                                               Docket No. <u>21–CR-80 (NGG)</u>

DOUGLASS MACKEY,
    also known as "Ricky Vaughn,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS</u>

                                             BREON PEACE
                                             United States Attorney
                                             Eastern District of New York
                                             271 Cadman Plaza East
                                             Brooklyn, New York 11201

                                             COREY R. AMUNDSON
                                             Chief
                                             Criminal Division, Public Integrity Section
                                             1301 New York Ave. NW, Tenth Floor
                                             Washington, D.C.  20004

Erik D. Paulsen
F. Turner Buford
Assistant U.S. Attorneys
    (Of Counsel)

William J. Gullotta
Trial Attorney
     (Of Counsel)

SUMMARY OF THE CASE

The defendant Douglass Mackey, also known as "Ricky Vaughn," is charged with one count of Conspiracy Against Rights, in violation of Title 18, United States Code, Section 241. The indictment alleges that in or about September to November 2016, the defendant conspired with others to injure one or more persons in the free exercise and enjoyment of a right and privilege secured to them by the United States Constitution, to wit: the right to vote. In sum and substance, the government alleges that the defendant worked in concert with others to spread disinformation about the time, place and manner of voting during the lead up to the 2016 election, by distributing information that suggested that citizens could cast votes by text message, among other inaccurate methods.

The defendant has pleaded not guilty and is presumed innocent until proven guilty.

PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court ask the following questions in jury selection for this case:

A.  Questions About Jurors' Backgrounds

　　1.  The government respectfully requests that the Court inquire about the following:

　　　　a.  Educational background, including highest level of schooling completed;

　　　　b.  Marital status;

　　　　c.  Type and length of employment;

　　　　d.  People who live with juror and their occupation(s);

　　　　e.  Parental status, and if any children, provide their education and

employment status;

  f.  Military background;

  g.  Do you watch any television shows for news?

  h.  Do you get news in other ways, such as any of the following?

    1. Newspapers

    2. Television

    3. Magazines/Websites

    4. Social Media

    5. Podcasts

  i.  Do you use social media?  If so, what platforms and how frequently?

  j.  Television shows regularly watched or streamed?

  k.  Does jury service raise COVID-19 safety concerns?

B. **Questions Relevant to Personal Experience with the Criminal Justice System and/or Judicial System**

  2. You will hear testimony in this case from law enforcement officers.  Do you feel predisposed for any reason to either believe or disbelieve a law enforcement officer's testimony?

  3. The law enforcement agency involved in this case is the Federal Bureau of Investigation, or FBI.  Do you feel predisposed about this case for any reason based on the specific involvement of the Federal Bureau of Investigation?

  4. Does any juror have any bias, prejudice or feelings for or against the United States Attorney's Office, the United States Department of Justice, the Federal Bureau of Investigation or any other law enforcement agency?

5. Is anyone related to someone in law enforcement or have a close friend who is in law enforcement? If so, please explain.

6. Has anyone had a negative interaction with law enforcement or have a close friend or relative who has had a negative interaction with law enforcement? If so, please explain.

7. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action, criminal case, or dispute with the United States, with any agencies or employees of the government or law enforcement, or otherwise had any interest in any such legal action?

8. Have you ever served on a jury before? If so, was it a trial jury or a grand jury? Was the case a criminal or a civil case? Without stating the outcome, did the jury deliberate? Was the jury able to reach a verdict?

9. Have you, or have any of your relatives or close friends, ever been the victim of a crime?

10. Have you, or have any of your relatives or close friends, ever been accused of or charged with a crime or been the subject of a criminal investigation? If so:

    a. What was the outcome?

    b. Do you think you or your family member or friend was treated fairly by the criminal justice system? Why/why not?

C. <u>Case Specific Questions</u>

11. This case involves various individuals, including the defendant, who had strong political preferences during the 2016 Presidential Election campaign, including individuals who supported President Donald Trump and individuals who supported Presidential

4

Candidate Hillary Clinton.  Do any of you have strong feelings or opinions related to the 2016 Presidential Election campaign or to the two candidates during that Presidential Election? If so, could you put aside those strong feelings or opinions and fairly and impartially judge the facts in this case as they are presented to you?

        12.     This case has received some degree of media attention.  Have you read, heard, or seen anything in the media about this case or about the defendant Douglass Mackey, aka "Ricky Vaughn"?  If you have read, heard or seen anything about this case, have you formed any ideas, opinions, or conclusions about the facts of this case or about the defendant, Douglass Mackey?  If so, would you be able to set aside those feelings/opinions and follow the Court's instructions on the law?

        a.     During this process, and later if selected, we ask that you not search for information about this case.  Further, to the extent that this case is covered going forward, you will be instructed that you not read, watch or otherwise pay attention to any coverage of the case should it come before you while consuming news or other media.

        13.     The defendant is alleged to have conspired with others to distribute false information over social media about the manner in which citizens could cast their vote.  Do any of you have any strong feelings or opinions about convicting someone based in part on messages that they distributed, in this case over the internet?  If so, would you be able to set aside those feelings/opinions and follow the Court's instructions on the law?

        14.     At trial, you may hear some language that you may find to be offensive. You should not assess the evidence you hear based on whether you find that evidence offensive, but rather on whether the evidence tends to prove or disprove the elements of the crime.  If you found some of the evidence offensive, could you be able to set aside those feelings/opinions,

follow the Court's instructions on the law and assess the evidence in this case fairly and impartially?

15. Do you have any experience with what you perceived to be deliberately false information on the internet or on social media, such as scams or false advertising? Would your experiences with such information affect your ability to be a fair and impartial juror in this case? Would you be able to set aside your feelings/opinions and follow the Court's instructions on the law?

16. In this case, the Court will instruct you that the First Amendment broadly protects political speech. However, the First Amendment does not protect all speech that touches on political issues, including, as alleged in this case, certain types of speech meant to convey false information about how to vote. Do you have strong feelings about government regulation of this kind of speech? Would those feelings or opinions impact your ability to be a fair and impartial juror in this case? Would you be able to set aside those feelings/opinions and follow the Court's instructions on the law?

17. This case involves the use of Twitter. Do you have significant experience concerning the use of Twitter? If so, can you set aside what you know and judge the facts based on the evidence provided to you during the case?

D.   General Questions Relevant to Jurors' Ability to be Fair and Impartial

18. Is there anything about this case that causes you to favor one side over the other?

19. Will you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

20. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

21. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether the defendant is guilty?

22. Will you be able to follow and apply the law as instructed by the Court, even if you disagree with it?

## LIST OF WITNESSES, NAMES AND PLACES

A. <u>Defendant and Defense Counsel</u>

1. Douglass Mackey (Defendant)
2. Andrew Frisch (Attorney for Douglass Mackey)

B. <u>Seated at the Government's Table</u>

1. Erik D. Paulsen (Assistant U.S. Attorney)
2. F. Turner Buford (Assistant U.S. Attorney)
3. William Gullotta (Trial Attorney)
4. Shivani Parshad (Paralegal Specialist, U.S. Attorney's Office)
5. Elisabeth Granberg (Federal Bureau of Investigation)

C. <u>List of Names</u>

1. "Ricky Vaughn"
2. Robert McNees

3. Jasmine Tolson

4. Michael Anderson (Twitter Employee)

5. Lloyd Cotler

6. Ty Chesley

7. Omar Samiri

8. Marc Bertucci

9. Loren Feldman

10. Paul Nehlen

11. Michael Ryan (NYC Board of Elections)

12. Eric Chu

13. William Powers

14. Special Agent Joel DeCapua

15. Special Agent Jaime Dvorsky

16. Special Agent Maegan Rees

17. John Hendrickson

18. "Baked Alaska"

19. "Microchip"

<u>CONCLUSION</u>

The government requests that the Court include the foregoing in its voir dire to the jury. In addition, the government respectfully requests the opportunity to submit further requests or amend those submitted as appropriate.

Dated:     Brooklyn, New York
            March 6, 2023

Respectfully submitted,

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York

COREY R. AMUNDSON
Chief
Criminal Division, Public Integrity Section

By:    /s/
Erik D. Paulsen
F. Turner Buford
Assistant United States Attorneys
(718) 254-7000

William J. Gullotta
Trial Attorney
(202) 514-0047

cc:    Clerk of the Court (NGG)
       Andrew J. Frisch, Esq. (by E-Mail and ECF)

9