RTP:FTB/EDP/WJG
F. #2018R02250

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                          Docket No. 21-CR-80 (NGG)

DOUGLASS MACKEY,
   also known as "Ricky Vaughn,"

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## UNITED STATES' MOTION *IN LIMINE*
## TO EXCLUDE IMPROPER EXPERT TESTIMONY

                                                  BREON PEACE
                                                  United States Attorney
                                                  Eastern District of New York
                                                  271 Cadman Plaza East
                                                  Brooklyn, New York 11201

                                                  COREY R. AMUNDSON
                                                  Chief
                                                  Criminal Division, Public Integrity Section
                                                  1301 New York Ave. NW, Tenth Floor
                                                  Washington, D.C.  20004

Erik D. Paulsen
F. Turner Buford
Assistant U.S. Attorneys
   (Of Counsel)

William J. Gullotta
Trial Attorney
    (Of Counsel)

## PRELIMINARY STATEMENT

The United States moves in limine to exclude the proposed testimony of Professor George Hawley, the expert offered by Defendant Douglass Mackey. Professor Hawley should be precluded from testifying because, by his own admission, he cannot offer a single opinion about any person or fact relevant to this case. The defendant concedes that Professor Hawley cannot and will not offer an opinion about the actions, communications, or intent of anyone involved in this case, including the defendant. Professor Hawley has not reviewed any evidence in the case nor spoken to a single potential witness, including the defendant. Therefore, to the extent he has any "scientific, technical, or other specialized knowledge," he has not applied it to any facts of this case.

The best Professor Hawley can do, according to the supplemental notice filed by the defendant (ECF 72-1), is offer an opinion about why some people, whom he characterizes (without explanation) as conservatives, might use social media. Thus, his opinion could purport to relate to tens if not hundreds of millions of individuals who have identified as politically conservative over the last ten years. His expert notice makes no attempt to connect his proffered testimony to the conduct charged in the indictment and complaint. This appears to be, at best, an attempt to put before the jury the notion that the defendant lacked the necessary intent to be found guilty of the offense charged without the defendant's having to testify about it himself or call any relevant fact witnesses. The government respectfully submits that the testimony should be precluded.

I. The Complaint and Indictment

On January 22, 2021, a criminal complaint was filed that charged the defendant with conspiracy against rights in violation of 18 U.S.C. § 241. (ECF 1). On February 10,

2

2021, the grand jury returned an indictment charging the defendant with the same offense. (ECF 8). As alleged in the Complaint, the defendant and others conspired to post fake campaign ads on Twitter that falsely represented to supporters of Hillary Clinton that they could avoid having to go to the polls to vote in the 2016 Presidential Election, and instead could text "Hillary" to a particular phone number to cast their votes. The defendant and his co-conspirators knew that voting by text was invalid, and their intent was to deceive Clinton voters into casting invalid ballots, thereby forfeiting their right to vote.

II.   Defendant's Expert Disclosure

In advance of trial in this matter, the Court ordered both parties to produce expert disclosures by or before February 15, 2023. On February 15, 2023, the defendant provided the Court and the government with a copy of Professor Hawley's curriculum vitae and a letter indicating that Professor Hawley "is an expert in online media strategies of political conservatives," and is expected to testify, in substance, that such strategies have included use of social media, for example, to provoke ideological opponents, exploit natural fissures in opposition coalitions, and create apparent controversies to generate coverage by mainstream journalists." ECF 60. This notice failed to meet the requirements of Federal Rule of Criminal Procedure 16(b).

On March 2, 2023, following repeated requests from the government for a written summary of Professor Hawley's proposed testimony and opinions, as required by Federal Rule of Criminal Procedure 16(b), the defendant filed a "Statement" of the proposed expert. (ECF 72-1). The only opinion the Statement provides is "that a substantial number of political conservatives over at least the last ten years have used online media strategies to use social media as a means of provoking ideological opponents, exploiting natural fissures in

3

opposition coalitions, and creating apparent controversies to generate coverage by mainstream journalists." (Id.). Professor Hawley concedes in his Statement that he has not reviewed any evidence or other records from this case other than the complaint, he has not interviewed the defendant or any other potential co-conspirators, he has not read any relevant Twitter communications, and he is "not in a position to opine about the intent of any of the people who participated in chats quoted or summarized therein, including Mr. Mackey." (Id.). The proffered opinion contains no scientific or technical analysis, and involves no application of any principles or methods to the facts of this case.

### III. Legal Standard

The proponent of expert testimony "has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702, advisory committee notes to 2000 amendment (citing Bourjaily v. United States, 483 U.S. 171 (1987)). "[T]he district court has great latitude in deciding whether to admit or exclude expert testimony, and [] a district court's decision to exclude expert testimony is to be reviewed under the abuse-of-discretion standard." United States v. Onumonu, 967 F.2d 782, 786 (2d Cir. 1992), citing United States v. Dwyer, 539 F.2d 924, 927 (2d Cir. 1976).

The admission of expert testimony is governed by Federal Rule of Evidence 702 and analyzed under the framework set forth by the Supreme Court. In Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), the Supreme Court explained that the trial court must serve as the "gatekeeper" for proposed expert testimony and is assigned the "task of ensuring that an expert's testimony both rests on a reliable foundation, and is relevant to the task at hand." Id. at 597. That is, the court must ask "whether the expert is proposing to testify to (1) scientific[, technical, or other specialized] knowledge that (2) will assist the trier of fact to

4

understand or determine a fact in issue." Id. at 592; see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999) (extending Daubert to non-scientific testimony based on "'technical' and 'other specialized' knowledge").

> Rule 702 provides:
>
> A witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods, and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Relevant evidence is that which helps the trier of fact to understand the evidence or to determine a fact in issue. See Daubert, 509 U.S. at 588. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Id. at 591 (quoting 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 702[02], p. 702–18). The relevance standard requires a defendant proposing expert testimony to "provide a substantial link between the expert testimony and his theory of defense." United States v. Powers, 59 F.3d 1460, 1472 (4th Cir. 1995). For example, "[i]f a defendant wants to present a theory or belief that might have justified his actions, then he must present evidence that he in fact relied on that theory or belief." United States v. Zayyad, 741 F.3d 452, 460 (4th Cir. 2014) (internal citations omitted). "Otherwise, a defendant could introduce evidence that would invite the [factfinder] to speculate a non-existent defense into existence." Id.

Because expert testimony can be both "powerful" and "quite misleading," the court, "in weighing possible prejudice against probative force," must "exercise more control over experts than over lay witnesses." Id. (quoting Daubert, 509 U.S. at 595).

Finally, as explained in Rule 704(b), expert testimony must be precluded if it would "state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." To the extent that the proffered testimony seeks to imply that the defendant did not have the required mental state because Professor Hawley believes that others who used social media did not, the proposed expert testimony would be improper.

IV. ARGUMENT

    A. Professor Hawley's Proposed Opinion Is Irrelevant, Provides No Technical Analysis, And Attempts to Substitute His Opinion for the Jury's Determination

Professor Hawley's proposed testimony is not "scientific, technical or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. It is also not "based on sufficient facts or data" or "the product of reliable principle and methods," and does not purport to apply any "principles and methods to the facts of this case." Id. Instead, the proffered testimony would constitute Professor Hawley's opinion about the intent of unrelated persons acting in unrelated events in the hopes that the jury will just infer the defendant had the same intent. As such, the proffered testimony exceeds the proper scope of expert testimony.

        1. Professor Hawley's Proposed Opinion Is Irrelevant.

It is improper to present expert testimony to prove that because a certain type of person ordinarily engages in a certain kind of behavior, the defendant likely engaged in that

6

same behavior. United States v. Mulder, 273 F.3d 91, 102 (2d Cir. 2001) ("What the government cannot do is to ask the jury to find that because criminals of a certain type classically engage in a certain kind of behavior, the defendant engaged in that behavior."); see also United States v. Castillo, 924 F.2d 1227, 1234 (2d Cir. 1991) ("[W]e take serious issue with the Government's use of an expert witness to propound the impermissible theory that appellants' guilt could be inferred from the behavior of unrelated persons.").

This is exactly what the defendant seeks to do in this case with Professor Hawley's proposed testimony. Professor Hawley acknowledges in his Statement (ECF 72-1) that he has not reviewed any of the evidence in this case nor conducted a single interview of any potential witnesses in the case, including the defendant. Here, the defendant hopes to have his expert opine about what he believes to be the intent of people whom he categorizes as "political conservatives" when they used social media at undefined times "during at least the last ten years." This description leaves little doubt that the testimony is offered for the improper purpose of hoping that the jury will conclude that if an expert tells them that a group of people has used social media for a certain purpose, then the defendant must have used social media for the same purpose.[1] The defendant must not be permitted to misuse expert testimony for the purpose of avoiding having to testify himself. The intent of unknown individuals whom

---

[1] Similarly, the defendant would almost certainly object if the government were to offer an expert on the "alt-right" who would testify that members of the alt-right often harbor racist, misogynist, and antisemitic beliefs and tend to act on those beliefs to the detriment of those groups when such opportunities arise. As the Second Circuit in Mulder and Castillo stated, it would be improper to use an expert to "propound the impermissible theory that [the defendant's] guilt could be inferred from the behavior of unrelated persons." Castillo, 924 F.2d at 1234. This "battle of the experts" would be an irrelevant distraction and serve only to confuse the jury and potentially invade the jury's right and duty to decide this case on the facts and evidence presented at trial.

7

Professor Hawley characterizes as "political conservatives" (again, without explanation) is irrelevant to what *this* defendant did in the circumstances of *this* case, particularly where it is unclear what criteria Professor Hawley used to classify someone as a political conservative, whether the defendant would also fit that criteria, what constitutes a "substantial number of political conservatives," what social media platforms they used, and what their goals were in using social media.

The defendant's subjective intent should be determined by the jury, not an expert, based on the facts presented during the trial. If the defendant wishes to argue that the government's evidence of the defendant's intent in this case carries little weight, he may do so. "It is the jury's job to determine whether to believe such an argument, however, and it would be counterproductive to permit an expert to function as a 'thirteenth juror' in resolving this issue." United States v. Wilson, 493 F.Supp.2d 484, 489 (E.D.N.Y. 2006) (NGG) (precluding expert testimony regarding the meaning of certain rap lyrics). It is well settled that experts are not permitted to be a "backdoor conduit" for hearsay and other inadmissible evidence related to a defendant's knowledge. See United States v. Pablo, 696 F.3d 1280, 1288 (10th Cir. 2012).

While there may be some circumstances in which expert testimony related to mens rea would be appropriate, "the proffered expert testimony must have some valid scientific connection to the facts of the case in order to be helpful to the finder of fact, and therefore relevant. United States v. Towns, 19 F.Supp.2d 67, 71 (W.D.N.Y. 1998), citing Daubert, 509 U.S. at 591. Here, the defendant's expert has not provided a scientific or any other connection to the facts of this case that would be helpful to the jury. Given that Professor

8

Hawley can only offer an opinion about an amorphous and undefined group unconnected to this trial, his opinion is irrelevant.

### 2. Professor Hawley Provides No Basis for His Opinion or Technical Analysis That Would Assist the Jury.

Professor Hawley has also failed to provide an adequate basis for his opinion. Expert testimony is properly precluded if the defendant fails to provide the Court or the government "with any basis for the opinions as to which [the proposed expert] will testify." Wilson, 493 F.Supp.2d at 489. "This makes it impossible to conduct the analysis required by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)." Id. "[E]xpert testimony should be excluded if it is speculative or conjectural . . . ." Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996).

Here, Professor Hawley states that his "opinion is based on my research in connection with my books and presentations, including extensive review and analysis of social media during at least the last ten years . . . ." Statement, ECF 72-1. Professor Hawley fails to explain what his "research" was, which books and presentations he refers to, which social media accounts and posts he reviewed, or any other basis that would explain the relevance of his opinion and allow the government to evaluate his testimony. He fails to explain any reliable principles or methods he used to reach his opinion. Professor Hawley does not purport to apply any "scientific, technical, or other specialized knowledge" he may have acquired over the years to a single tweet, chat, or other piece of evidence in this case.

"[T]he trial judge must ensure that any and all scientific testimony is not only relevant but reliable." Daubert, 509 U.S. at 589. The issue of the defendant's subjective intent when he tweeted the fake campaign ads in this case is not a matter of scientific or technical

interpretation. The jury will decide the defendant's intent based on the facts presented during trial, including the defendant's own words and actions, as well as those of his co-conspirators. The jury does not need a scientific or technical explanation to decide this element of the offense, and Professor Hawley has not described any reliable principles or methods that he has applied to the facts of this case. Moreover, the proffered testimony would not assist the trier of fact in understanding the evidence or determining a fact in issue, which is a requirement under Rule 702(a). What is relevant is the defendant's subjective intent, a determination that is the sole province of the jury, and that should be based solely on the facts and evidence presented to the jury.

### 3. Professor Hawley's Opinion is Barred by Rule 704.

As referenced above, the defendant may not offer expert testimony on his mental state if that constitutes an element of the crime charged. Fed. R. Evid. 704(b). Even if expert testimony meets the requirements of Rule 702 and Daubert, and passes muster under Rule 403, it still must not run afoul of Rule 704(b), which prohibits an expert in a criminal case from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged." Rule 704(b)'s proscription bars expert opinion that "suggest[s] to the jury" by "inference" that the defendant did or did not have the particular mental state required for the offense. United States v. Shaffer, 472 F.3d 1219, 1225 (10th Cir. 2007); see also United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997) ("A prohibited 'opinion or inference' under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea."); United States v. Smart, 98 F.3d 1379, 1387 (D.C. Cir. 1996) (finding that the district court erred by admitting expert testimony "that could have misled the jury into thinking

that [the expert] was speculating on the ultimate legal issue of whether [defendant] had the requisite intent").

Professor Hawley's admission that he cannot opine about the intent of the defendant or any of his co-conspirators "is semantic camouflage." United States v. DiDomenico, 985 F.2d 1159, 1165 (2d Cir. 1993) (upholding district court's exclusion of defendant's proposed expert testimony despite defendant's proclamation that she did not offer the expert to testify as to the ultimate issue of her knowledge or intent). In DiDomenico, the Second Circuit read the proffered expert testimony "as stating the bottom-line reference, and leaving it to the jury merely to murmur, 'Amen,'" and affirmed the trial court's decision to exclude it. Id. A proposed opinion should be excluded where it seeks to "suggest to the jury, at the very least by inference," that the defendant lacked the mental state necessary to be guilty of the charged offense. Shaffer, 472 F.3d at 1225.

It is clear that the defendant offers Professor Hawley's opinion in the hopes that the jury will be misled into relying on the defendant's expert to resolve the ultimate issue of whether the defendant had the requisite intent to be found guilty of the offense charged. This would be an improper use of expert testimony specifically barred by Rule 704(b).

CONCLUSION

For the reasons stated above, the government respectfully moves in limine to exclude the proposed testimony of Professor George Hawley, a witness offered as an expert by the defendant, Douglass Mackey.

Dated: Brooklyn, New York
March 9, 2023

Respectfully submitted,

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York

COREY R. AMUNDSON
Chief
Criminal Division, Public Integrity Section

By:   /s/
Erik D. Paulsen
F. Turner Buford
Assistant United States Attorneys
(718) 254-7000

William J. Gullotta
Trial Attorney
(202) 514-0047

cc: Clerk of the Court (NGG)
Andrew J. Frisch, Esq. (by E-Mail and ECF)