The Law Offices of
ANDREW J. FRISCH, PLLC
40 Fulton Street, 17th Floor
New York, New York 10038
212-285-8000

March 11, 2023

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States v. Douglass Mackey*, Criminal Docket No. 21-0080 (NGG)

Dear Judge Garaufis:

    On behalf of Douglass Mackey, I respectfully submit this letter in opposition to the government's attempt to prevent the jury from hearing the testimony of Professor George Hawley, who can explain an area of specialized knowledge that will help the jury understand the evidence or determine a fact in issue. Fed. R. Evid. 702; *see United States v. Finazzo*, 2013 U.S. Dist. LEXIS 22651 (S.D.N.Y. Feb. 19, 2013).

    The government routinely proffers experts so that jurors can benefit from specialized knowledge of the general mechanics of organized crime families, drug distribution, money laundering, and other types of crimes. *See, e.g.*, *United States v. Locascio*, 6 F.3d 924, 936 (2d Cir. 1993); *United States v. Mulder*, 273 F.3d 91 (2d Cir. 2001). These experts are generally permitted to testify provided they do not testify to an opinion or inference as to "whether the defendant did or did not have the mental state or condition constituting an element of the crime charged" on the ground that such "ultimate issues are matters for the trier of fact alone." *United States v. Awadallah*, 401 F. Supp. 2d 308, 313-14 (S.D.N.Y. 2005) (quoting Fed. R. Evid. 704(b)). Professor Hawley has the expertise to help the jury understand the landscape, at least as Mr. Mackey sees it, just as the government proffers experts on the landscape of other types of criminal conspiracies, as it sees it. Just as with government experts, it will be up to the jury to determine how much if any credit to afford Professor Hawley's testimony.

    The atypical wrinkle presented by Professor Hawley's testimony is the atypical landscape of the government's case against Mr. Mackey: conspiratorial liability inferred from chat rooms on the Internet populated by politically like-minded people assembled to advance the election of their preferred candidate. But like more typical allegedly criminal landscapes, the chat rooms at issue in this case did not exist in a vacuum. They are part of a universe beyond the ken of the typical juror. *See Mulder*, 273 F.3d at 102 ("Defendants do not contend - nor could they - that the average citizen knows much about minority representation in the construction trades."). Professor Hawley has gained his expertise in the use of online media strategies by political conservatives by extensively studying and analyzing it and publishing and speaking

about it, as well-documented in his extensive *curriculum vitae*. Professor Hawley may well be *the* expert in this arcane area.

The government challenges Professor Hawley for not reviewing the evidence in this case, but he reviewed the government's twenty-four page Complaint; any inadequacy of his review goes to the credit the jury should afford his testimony, not whether it should hear him in the first place. With far fewer credentials and far fewer years of experience, the case agent represented in the Complaint in this case that, through her "training, education and experience," she had become "familiar with the manner in which criminal activity is carried out, and the efforts of persons involved in such activity to avoid detection by law enforcement." Docket No. 1 at 2. While the Complaint was not a proffer under Rule 702, the underlying principle is the same: expertise is gained through education and experience. Professor Hawley's supplemental notice and *curriculum vitae* moves him far past the threshold to testify as an expert; the government is free to cross-examine him to air any perceived inadequacies in the bases of his knowledge and understanding of his area of expertise.

For these reasons, the jury should be permitted to hear from Professor Hawley.

Respectfully submitted,

*/s/ Andrew J. Frisch*
Andrew J. Frisch

cc:  AUSA Erik Paulsen
　　 AUSA Turner Buford
　　 AUSA William Gullotta