The Law Offices of
**ANDREW J. FRISCH, PLLC**
40 Fulton Street, 17th Floor
New York, New York 10038
212-285-8000

March 13, 2023

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    *Re: United States v. Douglass Mackey, Criminal Docket No. 21-0080 (NGG)*

Dear Judge Garaufis:

    To protect Mr. Mackey's interests, and with great reluctance, I have no choice but to request a two-week adjournment of the trial.

    The government's motion to preclude the testimony of Professor George Hawley, an expert witness noticed by Douglass Mackey in the above-referenced case, is *sub judice*. I learned this morning that a researcher named Luke O'Brien from the Southern Poverty Law Center ("SPLC") is close to publishing an article about the imminent trial in this case which, among other things, unfairly disparages Professor Hawley. Mr. O'Brien waited until the start of trial to submit written questions to Professor Hawley in an apparent attempt to paint him as an extremist, including questions based on private emails which Mr. O'Brien obtained, simultaneously asking Professor Hawley if his employer, the University of Alabama, is aware of his proffered testimony at Mr. Mackey's trial.

    Upon learning of the imminent article, I encouraged Professor Hawley to answer all of Mr. O'Brien's questions to allay his unfounded claims, and Professor Hawley did so in writing, thereby creating a record for the government. I also requested that Mr. O'Brien not include Professor Hawley in his article at least until after Professor Hawley testifies (assuming that the Court denies the government's motion to preclude) so as not to threaten the integrity of the trial. Mr. O'Brien nonetheless insisted on publishing the article. Whether or not Mr. O'Brien's approach constitutes actionable wrongdoing, Professor Hawley has asked me to withdraw his name as a witness. Upon consultation with Mr. Mackey, I hereby do so.

    Responding to the government's concern that a cooperating witness might face reputational harm from members of his ideological community (and for other reasons), the Court granted the government's application for certain protective measures, even though the cooperating witness will be appearing at Mr. Mackey's trial voluntarily to gain the promised benefits of a cooperation agreement. By contrast, Mr. Mackey is the defendant for whom a

defense witness has been gratuitously threatened with reputational harm by an organization which has an ideological interest in his conviction.

   For these reasons, I have no choice but to request a short adjournment of trial so that I may endeavor to identify a replacement expert witness.

            Respectfully submitted,

            */s/ Andrew J. Frisch*
            Andrew J. Frisch

cc: AUSA Erik Paulsen
   AUSA Turner Buford
   AUSA William Gullotta