

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FTB
F. #2018R02250

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 16, 2023

By E-mail and ECF

Andrew J. Frisch, Esq.
Law Offices of Andrew Frisch
40 Fulton Street
New York, NY  10038

       Re:    United States v. Douglass Mackey
               Criminal Docket No. 21-080 (NGG)

Dear Mr. Frisch:

      Enclosed please find a signed, amended expert disclosure, provided in accordance with Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, for Joel DeCapua.  The amended disclosure clarifies that some of the fiberoptic cables referenced in the previous disclosure are attached to bridges traversing the waters surrounding Manhattan (in addition to running under the waters surrounding Manhattan).  The amended disclosure also includes amended language concerning the availability of satellite technology in 2016.  The government reserves the right to further supplement or correct this disclosure if appropriate.  See Fed. R. Crim. P. 16(a)(1)(G)(vi).

                        Very truly yours,

                        BREON PEACE
                        United States Attorney

By:     /s/
         Erik D. Paulsen
         F. Turner Buford
         Assistant U.S. Attorneys
         (718) 254-7000

         William J. Gullotta
         Trial Attorney
         (202) 514-1412

Enclosure

cc:    Clerk of the Court (NGG) (by ECF)

**Amended Disclosure as to Expert Witness Joel DeCapua**

I.  Statement of Opinions, Bases and Reasons

The following is "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief . . . and the bases and reasons for them," Fed. R. Crim. P. 16(a)(1)(G)(iii):

- In or about fall 2016, a person sending data over the internet, such as by using Twitter to transmit a "tweet" or a direct-message communication from a location in Manhattan to a location outside of New York State, would have done so in one of two ways: (1) through the services of a broadband internet-service provider; or (2) through a cellular data network.

- If the tweet or direct-message communication was transmitted through a broadband internet service provider, then the network packet containing the data necessary to transmit the information would have passed through fiberoptic cables that have been laid under the waters surrounding Manhattan or attached to bridges traversing the waters surrounding Manhattan and are used by internet-service providers to convey data.

- If the tweet or direct-message communication was transmitted through a cellular data network (e.g., if the tweet or direct-message communication was sent from the user of a smart phone that was not connected to WIFI), then the information would have first been transmitted through the air to a cellular tower located on the island of Manhattan. From there, the information would have been routed from the cellular tower for eventual transmission through the same fiberoptic cables that have been laid under the waters surrounding Manhattan or attached to bridges traversing the waters surrounding Manhattan described above. In part because Manhattan is an island, nearly all electronic internet communications leaving or entering Manhattan pass through the fiberoptic cables that have been laid under the waters surrounding Manhattan or attached to bridges traversing the waters surrounding Manhattan. While it is possible that the initial transmission of information from the user in Manhattan could have gone to a cell tower located outside of Manhattan, that is extremely unlikely given how many cell towers are located in Manhattan. Even if such a transmission occurred, the information would have traveled over the waters surrounding Manhattan to reach a cell tower outside of Manhattan.

- The only other way that a tweet or direct-message communication could have traveled from Manhattan to a location outside of New York State is by connecting in the first instance with an orbiting satellite. This possibility is unlikely because the technology that would have permitted it was generally not widely used in Manhattan in 2016 and remains rare to this day. In any event, even if the initial transmission of information was to an orbiting satellite, the information would almost certainly have passed over the waters surrounding Manhattan to reach the satellite.

- The bases for each of the conclusions above is the witness's knowledge of internet and cellular-data infrastructure both generally and specifically with respect to the greater New

1

York City area. This knowledge was acquired through training, study, interactions with service providers, and professional experience as a Special Agent with the Federal Bureau of Investigation, in which capacity the witness has conducted numerous criminal investigations involving cybercrime and network intrusions.

II.   Qualifications

The resume attached hereto as Exhibit 1 sets forth "the witness's qualifications," per Federal Rule of Criminal Procedure (a)(1)(G)(iii). The witness's qualifications are further discussed in the transcripts of the testimony identified below. The witness has not authored any publications in the previous 10 years.

III.   List of Cases

The following is "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition," Fed. R. Crim. P. 16(a)(1)(G)(iii):[1]

| Approximate Date of Testimony | Case Name & Docket No. | Court |
| --- | --- | --- |
| April 22, 2022 | U.S. v. Hilliard (19-cr-358) | E.D.N.Y. |
| May 14, 18-19, 2021 | U.S. v. Zhukov (18-cr-633) | E.D.N.Y. |
| December 5, 18, 20, 2017 | U.S. v. Tuzman (15-cr-536) | S.D.N.Y. |

In addition, the transcripts of the testimony in these cases are attached hereto as Exhibit 2 (United States v. Hilliard); Exhibit 3 (United States v. Zhukov); and Exhibit 4 (United States v. Tuzman), respectively.

Respectfully submitted,

Joel DeCapua
Federal Bureau of Investigation

---

[1] The testimony in the Tuzman case falls outside of the 4-year window specified in Rule 16(a)(1)(G)(iii), but is included here as a courtesy.

2