The Law Offices of
**ANDREW J. FRISCH, PLLC**
40 Fulton Street, 17th Floor
New York, New York 10038
212-285-8000

May 8, 2023

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  *Re: United States v. Douglass Mackey, Criminal Docket No. 21-0080 (AMD)*

Dear Judge Donnelly:

  I write to follow-up on an email exchange this morning with the Court's case manager and seek clarification.

  In ruling on whether the government's reports of its interviews of Clinton Campaign representatives should be filed under seal (Order of April 27, 2023), the Court did not expressly address whether the draft stipulation (emailed to the Court on March 27, 2023) could be publicly filed as part of Mr. Mackey's post-verdict motions, an issue not addressed by the Court's order of April 12, 2023, and which the parties's respective letters of April 19, 2023, seemed to agree remained open. While the email exchange of earlier today suggests the Court's view that the draft stipulation can be publicly filed if the seven names of representatives of the Clinton Campaign included therein are redacted, four of those names were discussed on the record (without government objection) when the underlying issue arose at trial (T 608-09), one of the four was specifically named by the Court (T 615), and a fifth was mentioned in defense counsel's letter of April 19, 2023. The two not yet publicly identified for the record were, respectively, Secretary Clinton's Deputy Director of Digital Advertising who oversaw millions of dollars in digital advertising to persuade voters to vote for Secretary Clinton; and the founder of a political consultancy who was considered to hold a "fairly senior position in the campaign hierarchy," acted as a senior advisor supervising technology and digital teams, and who interacted with Facebook and Twitter. They held high-ranking media-related positions in Secretary Clinton's uniquely-public presidential campaign, which distinguishes them from purely private citizens working in private industry. There is nothing about their public identification in this case that would associate them with any misconduct or create any potential for opprobrium.

  Respectfully, there is no legitimate basis for the government to seek to conceal the identities of these Clinton campaign officials. But if the Court and the government believe otherwise, the government's position and the Court's ruling should be an express matter of public record. The Court may or may not ultimately agree with the merit of one or more of Mr. Mackey's imminent motions, but the underlying issues are of monumental importance to the fair administration of justice, as is the precise reasoning why the government believes that the

identities of these Clinton Campaign officials should not be public.  The Circuit (if this case gets that far) should have the benefit of a complete record of the reasoning for sealing these identities given all of these facts.

        For these reasons, this requested clarification is respectfully sought as to the five whose identities are already public record as well as the other two.

        Respectfully submitted,

        */s/ Andrew J. Frisch*
        Andrew J. Frisch

cc:  U.S. Attorney's Office