

U.S. Department of Justice

United States Attorney
Eastern District of New York

EDP/WJG/FTB  
F. #2018R02250

271 Cadman Plaza East  
Brooklyn, New York 11201

May 9, 2023

<u>By ECF and Email</u>

The Honorable Ann M. Donnelly  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

   Re: <u>United States v. Douglass Mackey</u>  
     <u>Criminal Docket No. 21-080 (AMD)</u>

Dear Judge Donnelly:

  The government respectfully submits this letter in response to the Court's Order dated May 8, 2023, directing the government to file a response to the defendant's letter (ECF 129) filed earlier that same day. In his letter, the defendant sought clarification as to whether he should redact or file under seal any draft trial stipulations should he believe it appropriate to file such a document in connection with any post-trial motions. The government believes this matter to be settled following the Court's April 27, 2023 ruling[1] regarding this same issue vis-à-vis witness interview reports. Nevertheless, for the reasons stated below, the government respectfully submits that any documents, including draft trial stipulations, that identify individuals who did not testify at trial should be filed under seal or redacted to remove all instances of a witness's name, physical address, email address, telephone number, social security number, or any other information that could be used to reveal the individual's identity.

---

[1] In its ruling, the Court ordered that "the defendant is directed to redact <u>any exhibits</u> to his post-trial motions to remove witnesses' names, physical addresses, email addresses, telephone numbers, social security numbers, or any other information that could be used to reveal the individual's identity. Alternatively, the defendant may file these exhibits under seal." Order, 21-CR-00080 (AMD), April 27, 2023. (Emphasis added.)

I.      Background.

On March 23, 2023, the defendant moved for a mistrial arguing that certain reports he received from the government during trial contained Brady material and should have been produced earlier.  Trial Tr., March 23, 2023, pages 606-12.  These reports reflected interviews of individuals who worked for the Hillary Clinton campaign at various times during the 2016 election campaign.  The Court offered the defendant the opportunity to recall witnesses who had already testified or call new witnesses – including any of the individuals referenced in the interview reports – who could testify in the defendant's case.  Id. at 612-13.  The defendant chose not to call any of the individuals mentioned in the interview reports or recall any witnesses who had already testified.  Id. at 613.  The Court ruled that the reports did not contain Brady material and denied the defendant's motion for a mistrial.  Id. at 634.  As referenced above, the Court later ruled that any reports submitted in connection with post-trial briefing should be redacted "to remove witnesses names, physical addresses, email addresses, telephone numbers, social security numbers, or any other information that could be used to reveal the individual's identity" or filed under seal.  Order, April 27, 2023.

Prior to the end of trial, the defendant and the government did, however, agree upon a stipulation addressing this issue, which the defendant read into the record in the presence of the jury during trial.  Tr., March 27, 2023, page 825.  Prior to reaching that agreement, the defendant and the government discussed proposed stipulations.  The defendant has indicated that he intends to file a draft of one of his proposed stipulations (drafted by the defendant, not the government or the individuals interviewed), which contains information that would identify several persons who were not called as witnesses by either the government or the defendant at trial.  Indeed, the majority of the information in the stipulation was extracted from the 302s the Court has already ordered to be filed under seal or redacted.  As an attempted justification for his request to file the draft publicly, the defendant points out that, during the flurry of activity in trial regarding this issue, counsel for the defendant stated several names of non-testifying witnesses on the record, primarily to identify which 302 reports he claimed contained Brady material.  This is immaterial to the required legal analysis.

II.     The Privacy Interests of Non-Testifying Individuals Outweigh the Public's Interest in Disclosure of Their Names and Other Identifying Information.

"The common law right of public access to judicial documents is firmly rooted in our nation's history."  United States v. Storage Room Numbers, No. 01-MJ-1728 (JS), 2021 WL 736423, at *2 (E.D.N.Y. Feb. 25, 2021), citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  That said, courts have approved the redaction of witness names and detailed facts that could reveal their identities.  Id. at *3.  And this Court followed a similar course in its earlier ruling concerning the 302s that furnish the subject matter of the proposed stipulation.

The same analysis that informed the Court's earlier ruling should apply here. The identities of the individuals interviewed by the FBI have not been withheld from the defendant; the government asks only that their names and other identifying information be redacted from any public filings. Identifying these individuals in post-trial briefing – particularly in a <u>draft</u> stipulation written by the defense (and rejected by the government) with the defense's subjective characterization of how these individuals would testify – would not significantly contribute to the public interest in disclosure. The public has little, if any, interest in the names of the individuals referenced by the defendant in his draft stipulation. Conversely, this case has received national media attention, and the individuals mentioned in the defendant's draft stipulation have a legitimate interest in their privacy.

The fact that the defendant may have stated the names of some of these individuals on the record during his arguments to the Court in support of a mistrial does not change the analysis. Neither the details of the interview reports nor the defendant's characterizations of those details in the draft stipulation were discussed at length on the record. If the defendant were to file the draft stipulation without redaction or sealing, then those details would unnecessarily be made public and associated with the identities of non-testifying witnesses. Moreover, filing the draft stipulation publicly without redaction would effectively nullify the Court's April 27, 2023, Order, which requires the redaction or sealing of any information that would reveal the identities of these individuals.

The defendant was offered the opportunity during trial to call any of the individuals referenced in the 302 reports and his draft stipulation, which would have brought any potential testimony by those individuals and their identities into the public space of the courtroom. He declined to call a single one of them. Instead, he now seeks to cherry-pick portions of those interviews in self-serving ways to support an argument that he has already made and lost. The defendant is free to make his arguments, but it is not necessary or appropriate to publicly identify individuals who did not testify.

The defendant can easily redact the names of the witnesses who did not testify at trial and refer to them anonymously, for example as "Employee 1" and "Employee 2." If the defendant does not wish to anonymize the non-testifying witnesses, he can file his motion and any documents identifying these individuals under seal, as the Court already directed in its April 27, 2023, Order. Such procedures will not limit the quality or quantity of the defendant's potential post-trial arguments.

III.  <u>Conclusion</u>

For the reasons stated above, the government respectfully requests that the Court clarify for the defendant that its April 27, 2023, Order applies equally to any documents filed by the defendant, including any draft stipulations, that contain <u>any</u> non-testifying "witnesses names, physical addresses, email addresses, telephone numbers, social security numbers, or any other information that could be used to reveal the individual's identity."

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                                        COREY R. AMUNDSON
                                        Chief, Criminal Division
                                        Public Integrity Section

By:    /s/_____
                                        Erik D. Paulsen
                                        F. Turner Buford
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

                                        William J. Gullotta
                                        Trial Attorney
                                        (202) 514-0047

cc:    Andrew J. Frisch, Esq. (by ECF and Email)