UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x

UNITED STATES OF AMERICA

    - v -                                  Criminal Case No. 21-0080 (AMD)

DOUGLASS MACKEY,
                                                      DECLARATION
           Defendant.

-------------------------------------------------- x

        Andrew J. Frisch, an attorney duly admitted to practice in this Court, declares the following statements to be true under penalty of perjury.

        1.        The government's memorandum of law in opposition to Mr. Mackey's post-verdict motions states as follows: "At the start of the second day of trial, the government disclosed two interview reports of [Clinton Campaign Employee One] and advised defense counsel that the government was in possession of additional interview reports of other Clinton campaign personnel." Gov't Memo at 5-6. I have a distinct recollection of the moment when I was handed the two interview reports of Employee One in the Courtroom. No disclosure about additional reports was made. Had I been told about other reports, I would have immediately demanded them.

        2.        That day (the second day of trial) during the lunch recess, as I deliberated about the two reports of interview of Employee One, it dawned on me that the government first interviewed Employee One in 2021 and so may also have interviewed other representatives of the Clinton Campaign (aside from Mr. Cotler, for whom reports of interview were disclosed before trial, and Ms. Rocketto, whom it first interviewed on March 10, 2023). At 1:18 p.m., I emailed the government as follows: "Counsel, please treat this email as a request for immediate

disclosure of *any* and all interviews of people associated with the Clinton campaign about the subject matter of the 302's that you produced this morning. I believe that the subject matter is within the meaning of your disclosure obligations at least under Brady v. Maryland." Exhibit hereto (emphasis added). I would not have used the word "any" in my emailed request if I had reason to believe there were other reports, but would have made express reference to any prior disclosure that such reports existed. I would have said, for example, "Please produce the other reports." Nor would I have deemed it necessary in the first instance to explain my reasoning for the request. Instead, I would have first asked why other reports had not been produced and/or inquired whether they were relevant to the subject matter before proffering a justification for disclosure. In addition, when I first raised this issue with the Court [*see* T 226], I would have alerted the Court that I had been told that other interviews had been conducted, but I did not so alert the Court because I had not been so advised.

3. Under other circumstances, I might not deem it necessary to make these representations in a Declaration, but questions about the government's candor with the Court in this case are not limited to this issue, as further discussed in Mr. Mackey's initial and reply memoranda of law in further support of his post-verdict motions. The Court, and the Circuit if this case gets that far, should have a proper record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2023

*/s/ Andrew J. Frisch*
Andrew J. Frisch

**Andrew Frisch**

| | |
|---|---|
| **From:** | Andrew Frisch |
| **Sent:** | Tuesday, March 21, 2023 1:18 PM |
| **To:** | Erik Paulsen; William Gullotta; Turner Buford |
| **Cc:** | Shivani Parshad |
| **Subject:** | Clinton Campaign |

Counsel, please treat this email as a request for immediate disclosure of any and all interviews of people associated with the Clinton campaign about the subject matter of the 302's that you produced this morning. I believe that the subject matter is within the meaning of your disclosure obligations at least under Brady v. Maryland.

Thank you,